IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARNAZ HARDIN, | : | |
|     Petitioner | : | No. 1:21-cv-01933 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| R. THOMPSON, WARDEN OF | : | |
| LSCI-ALLENWOOD, | : | |
|     Respondent | : | |

## MEMORANDUM

This habeas corpus action has been brought by pro se Petitioner Arnaz Hardin ("Petitioner") under 28 U.S.C. § 2241, seeking earned time credit and release from custody. (Doc. No. 1; Doc. No. 1-1.) The Court has reviewed his petition (Doc. No. 1), along with the various documents that he has filed in support of his petition (Doc. Nos. 1-1 through 1-8). For the reasons that are set forth below, the Court will dismiss his petition as moot.

**I.   BACKGROUND**

On November 12, 2021, Petitioner commenced this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking his release from federal custody based upon allegations that he has not been properly credited under the First Step Act for completing evidence-based recidivism reduction programing and productive activities while in custody. (Doc. No. 1; Doc. No. 1-1.) He argues that he is entitled two-hundred and ten (210) days of earned time credit, and he requests that this time credit be applied immediately to his sentence and that he be released from custody. (Id.) In addition to filing the petition and the various exhibits in support thereof (Doc. No. 1; Doc. Nos. 1-1 through 1-8), Petitioner has also paid the requisite filing fee (Doc. No. 4).

Thus, on November 22, 2021, the Court issued an order, directing service of the petition on Respondent R. Thompson ("Respondent"), the Warden of LSCI-Allenwood, and the United States Attorney. (Doc. No. 5.) The Court also ordered Respondent to file an answer, motion, or other response to the allegations in the petition within twenty (20) days. (Id.) On December 6, 2021, Respondent filed a motion for an extension of time to respond to the petition. (Doc. No. 9.) The Court granted Respondent's motion and directed Respondent to file a response on or before January 12, 2022. (Doc. No. 10.) But, on January 10, 2022, Respondent filed a second motion for an extension of time to respond to the petition. (Doc. No. 14.) The Court again granted Respondent's motion and directed Respondent to file a response to the petition on or before February 2, 2022. (Doc. No. 15.)

Before reaching that deadline, Respondent filed a suggestion of mootness, informing the Court that Petitioner was released from federal custody on January 20, 2022. (Doc. No. 18.) Respondent asserts that the petition is, therefore, moot and should be dismissed. (Id.; Doc. No. 18-1 (attaching Public Information Inmate Data, which reflects that Petitioner was released on January 20, 2022).) On January 26, 2022, the Court issued an order, instructing Petitioner to respond to the suggestion of mootness on or before February 25, 2022. (Doc. No. 19.) As reflected by the docket, however, Petitioner has neither responded to the suggestion of mootness nor submitted any other filings to the Court.

The petition is, therefore, ripe for the Court's disposition. For the reasons that are discussed below, the Court agrees with Respondent that the petition is now moot. Thus, the Court will dismiss the petition.

## II.   DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009) (quoting U.S. Const. art. III, § 2)).  In order "[f]or a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'"  See id. at 406 (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."  See id. (citing DeFoy, 393 F.3d at 441).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that he continues to suffer from secondary or collateral consequences of his conviction."  See id. (citations omitted).  Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking his conviction while still serving the sentence imposed for that conviction [and] where the [petitioner] is attacking that portion of his sentence that is still being served."  See Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009) (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).

Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences."  See Abreu, 971 F.3d at 406 (citing Burkey, 556 F.3d at 148).  Instead, the Court "must 'address[ ] the issue of collateral consequences in terms of the likelihood that a favorable decision would redress the injury or wrong.'"  See id. (quoting Burkey, 556 F.3d at 148).  For that reason, "[i]t is not enough if 'collateral consequences

proffered by the petitioner' amount to 'a possibility rather than a certainty or even a probability.'" See id. (quoting Burkey, 556 F.3d at 148).

Consistent with these principles, the Court finds that, while the instant petition is generally moot, as Petitioner was released from federal custody on January 20, 2022, Petitioner may still obtain judicial review of his conviction if he can show that he continues to suffer from secondary or collateral consequences of that conviction. See id. Here, however, Petitioner has not stated, much less demonstrated to the Court, that he suffers from any secondary or collateral consequences, despite being afforded the opportunity to do so. Thus, the Court finds that Petitioner is unable to evade the Court's determination that his habeas corpus petition is moot. The Court will, therefore, dismiss his petition as moot.

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss the instant habeas corpus petition as moot. An appropriate Order follows.